IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CAMERON MCCRARY, SCHELDON WILLIAMS, ASHLEY WASHINGTON, SHANIQUA RISCHER, JONATHAN DAVIS, PABLO LUNA, JAMES TAYLOR, AND KERRY BILLINGS, | § § § § § § | CIVIL ACTION NO. 3:20-cv-01264-P |
| Plaintiffs, | § § | |
| v. | § § | |
| MIKE BLOOMBERG 2020 INC., | § § | |
| Defendant. | § | |

## DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT

Under Federal Rule of Civil Procedure 12(b)(6), Mike Bloomberg 2020 Inc. ("Defendant" or the "Campaign") moves to dismiss with prejudice all claims pleaded by Plaintiffs Cameron McCrary, Scheldon Williams, Ashley Washington, Shaniqua Rischer, Jonathan Davis, Pablo Luna, James Taylor, and Kerry Billings (collectively, "Plaintiffs") and submits this brief in support.[1]

---

[1] *See* N.D. Tex. L.R. 5.1.

# Table of Contents

I.      INTRODUCTION ........................................................................................................ 1

II.     LEGAL STANDARD............................................................................................... 2

III.    FACTUAL AND PROCEDURAL BACKGROUND........................................... 3

IV.     ARGUMENTS AND AUTHORITIES................................................................... 4

        A.      The terms of the parties' At-Will Agreement directly contradict the
               alleged oral agreement and therefore require dismissal of the claim that the
               parties entered into an oral agreement. ................................................................ 4

        B.      The Court should dismiss Plaintiffs' fraud claim because it is barred by the
               economic-loss rule and because Plaintiffs fail to plausibly plead justifiable
               reliance.................................................................................................................. 5

               1.      The economic-loss rule precludes Plaintiffs' fraud claim. ........................ 5

               2.      Plaintiffs cannot plausibly plead that they justifiably relied on the
                     alleged representations about the nature of their employment in
                     light of the written At-Will Agreement. ..................................................... 7

        C.      Plaintiffs failed to exhaust their administrative remedies and cannot now
               bring a private right of action under the Texas Payday Act. .................................. 9

V.      CONCLUSION........................................................................................................ 10

## Table of Authorities

### Cases

*11th St. Bingo Ass'n v. Simonson*,
   No. 13-02-399-CV, 2004 WL 1117161 (Tex. App.—Corpus Christi, no pet.).......................... 9

*Anyafulu v. EquiCredit Corp. of Am.*,
   664 F. App'x 410 (5th Cir. 2016) ......................................................................................... 5, 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)........................................................................................................... 2, 3

*Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*,
   590 S.W.3d 471 (Tex. 2019)............................................................................................... 7, 8, 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................................... 2

*Brown v. Joseph Cory Holdings, LLC*,
   No. 4:13-cv-044, 2014 WL 12585674 (N.D. Tex. July 30, 2014) ............................................ 9

*Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*,
   445 S.W.3d 716 (Tex. 2014)..................................................................................................... 5

*David J. Sacks, P.C. v. Haden*,
   266 S.W.3d 447 (Tex. 2008).................................................................................................... 4

*Dorsey v. Portfolio Equities, Inc.*,
   540 F.3d 333 (5th Cir. 2008) ................................................................................................... 1

*DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.*,
   112 S.W.3d 854 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ................................. 7, 8

*DT Apt. Grp., LP v. CWCapital, LLC*,
   No. 3:12–CV–0437–D, 2012 WL 6693192 (N.D. Tex. Dec. 26, 2012)............................ 7, 8, 9

*Jim Walter Homes, Inc. v. Reed*,
   711 S.W.2d 617 (Tex. 1986).................................................................................................. 5, 6

*JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*,
   546 S.W.3d 648 (Tex. 2018).................................................................................................. 8, 9

*Mercedes-Benz, LLC v. Carduco*,
   583 S.W.3d 553 (Tex. 2019).................................................................................................. 8, 9

*Miller v. CitiMortgage, Inc.*,
   970 F. Supp. 2d 568 (N.D. Tex. 2013) ...................................................................................... 5

*Nat'l Prop. Holdings, L.P. v. Westergren,*
  453 S.W.3d 419 (Tex. 2015)..........................................................................8, 9

*Reliable Consultants, Inc. v. Earle,*
  517 F.3d 738 (5th Cir. 2008) ..............................................................................2

*Shakeri v. ADT Sec. Servs., Inc.,*
  816 F3d 283 (5th Cir. 2016) ...............................................................................5

*Simms v. Jones*
  879 F. Supp. 2d 595 (N.D. Tex. 2012) ...............................................................6

*Stephens v. The Clipper, Inc.,*
  No. No. 3–91–1392, 1992 WL 163659 (N.D. Tex. Mar. 24, 1992) .........................4

*Stripling v. Jordan Prod. Co.,*
  234 F.3d 863 (5th Cir. 2000) ..............................................................................5

*Sw. Bell Tel. Co. v. DeLanney,*
  809 S.W.2d 493 (Tex. 1991)............................................................................5, 6

*Tuchman v. DSC Commc'ns Corp.,*
  14 F.3d 1061 (5th Cir. 1994) ..............................................................................5

*Walch v. Adjutant General's Dep't of Tex.,*
  533 F.3d 289 (5th Cir. 2008) ..............................................................................1

*Williams v. WMX Techs., Inc.,*
  112 F.3d 175 (5th Cir. 1997) ..............................................................................5

## Statutes

Tᴇx. Lᴀʙ. Cᴏᴅᴇ § 61.062(a)..........................................................................9

## Rules

Fᴇᴅ. R. Cɪᴠ. P. 12(b)(6)......................................................................i, 2, 9

## Other Authorities

N.D. Tex. L.R. 5.1 ................................................................................................i

## I.      INTRODUCTION

In January or February of this year, each Plaintiff executed a written employment agreement (the "At-Will Agreement") with the Campaign making clear that either the Plaintiffs or the Campaign *"may terminate [Plaintiffs'] employment at any time, with or without notice and with or without cause, for any reason or no reason."  See* At-Will Agreements (at 1, attached as Exs. A–H (exhibits omitted) (emphasis added).[2]  The At-Will Agreement further provided that no statement varying the terms of the At-Will Agreement was enforceable unless in a writing signed by an officer of the Campaign.  *See id.* at 2.

Notwithstanding the explicit terms of the At-Will Agreement, Plaintiffs seek to bring claims against the Campaign for terminating their employment in accordance with those terms. Plaintiffs assert claims for breach of oral contract, fraud, and violation of the Texas Payday Act. The Court should dismiss each of Plaintiffs' three claims with prejudice for the following reasons.

*First*, as to the breach-of-oral-contract claim, the parties' written At-Will Agreement governs the employment relationship, and it is quite clear that the Plaintiffs' employment was at will.  Plaintiffs may not rely on alleged oral representations to contradict the written terms of the At-Will Agreement.   In light of the written At-Will Agreement directly contradicting their assertions, any amendment of Plaintiffs' breach-of-oral-contract claim would be futile, and the Court thus should dismiss that claim with prejudice.

---

[2] The Court may consider "documents incorporated into the complaint by reference" when ruling on a motion to dismiss.  *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *see also Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (holding that two documents attached to motion to dismiss could be considered in ruling on that motion because they "were sufficiently referenced in the complaint").  Plaintiffs specifically refer to the parties' written At-Will Agreement.  *See, e.g.*, Pet. ¶ 24 [Dkt. No. 1-2].  Accordingly, the Court should consider the At-Will Agreement in deciding this motion and should not convert it into a summary-judgment motion.

*Second*, Plaintiffs' fraud claim is barred as a matter of law because the harm Plaintiffs claim consists of the allegedly wrongful termination of the written At-Will Agreement. Under Texas law, the economic-loss doctrine bars any such claim. In addition, Plaintiffs fail to plausibly plead reasonable reliance—an essential element of their fraud claim—as a matter of law in light of their acknowledgement that the At-Will Agreement Plaintiffs received "were inconsistent with the multiple oral promises and guarantees that [the Campaign] had made." Pet. ¶ 24 [Dkt. No. 1-2]. Dismissal with prejudice therefore is proper.

*Finally*, the Court should dismiss Plaintiffs' claim that the Campaign violated the Texas Payday Act by deducting New York State income tax from their salary because there is no private right of action under the Texas Payday Act, and Plaintiffs failed to exhaust their administrative remedies. Accordingly, because amendment of any such claim would be futile, dismissal with prejudice is proper.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). A claim is plausible where the plaintiff pleads sufficient factual content to support the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need not contain detailed factual allegations, but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than

the mere possibility of misconduct," they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

### III.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their Original Petition in state court on April 8, 2020.  On May 15, 2020, the Campaign timely removed to this Court on the basis of diversity jurisdiction.  *See* Notice of Removal [Dkt. No. 1].

Plaintiffs allege that they worked as paid staffers in Dallas for Mike Bloomberg's 2020 campaign.  *See* Pet. ¶ 15.  During the interview process, they claim that the Campaign promised them "that the positions for which they were applying were guaranteed through November 2020 . . . ."  *Id.* ¶ 22.  Contrary to the purported promises, Plaintiffs admit that their written offer letters "were inconsistent with the multiple oral promises and guarantees that [the Campaign] had made" and "purported to describe the employment relationship as at-will."  *Id.* ¶ 24.  Plaintiffs executed the written offer letters containing the at-will employment term.  *See* At-Will Agreement at 2, attached as Exs. A–H.

Mike Bloomberg announced on March 4, 2020 that he was ending his campaign, and the Campaign subsequently terminated Plaintiffs' employment.  *See* Pet. ¶ 26.  Plaintiffs then sued the Campaign, claiming that it breached an oral contact with Plaintiffs, engaged in fraud, and violated the Texas Payday Act.  *See id.* ¶¶ 42–46.  Plaintiffs seek lost wages and benefits, among other damages.  *See id.* ¶¶ 26–27, 30, Prayer.  They also seek to recover the New York State income tax that was deducted in their paychecks, which they claim was unlawful under the Texas Payday Act. *See id.* ¶¶ 44–46.

## IV.    ARGUMENTS AND AUTHORITIES

**A.    The terms of the parties' At-Will Agreement directly contradict the alleged oral agreement and therefore require dismissal of the claim that the parties entered into an oral agreement.**

Plaintiffs cannot pursue a claim for breach of an oral contract because they admit that their At-Will Agreement contradicts the terms of the alleged oral contract.  *See* Pet. ¶ 24; *see also* At-Will Agreements at 1, attached as Exs. A–H.  Although Plaintiffs alleges that the Campaign "promised" them that they were guaranteed positions "through November 2020," they admit that their written offer letters state that they are at-will employees.  *See* Pet. ¶¶ 22, 24; At-Will Agreement at 1, attached as Exs. A–H.

Under Texas law, Plaintiffs may not enforce an alleged oral contract that directly contradicts the parties' written agreement.  *See, e.g.*, *David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450–51 (Tex. 2008) (determining that evidence of oral agreement capping attorney's fees at $10,000 was inadmissible to alter written agreement that contained no cap because "[a]n unambiguous contract will be enforced as written, and parol evidence will not be received for the purpose of creating an ambiguity or to give the contract a meaning different from that which its language imports"); *Stephens v. The Clipper, Inc.*, No. No. 3–91–1392, 1992 WL 163659, at *5 (N.D. Tex. Mar. 24, 1992) (dismissing breach-of-oral-contract claim in part because the plaintiff could not introduce oral representations to vary or contradict the terms of the written agreement).  Furthermore, the parties' written At-Will Agreement expressly states that "[n]o statement varying any of the terms of this offer letter shall be enforceable unless set forth in a writing signed by a duly authorized officer of [Defendant]."  Accordingly, Plaintiffs cannot now claim that they were not at-will employees.  *See* Pet. ¶ 24 (alleging, for example, that Plaintiffs were offered and accepted employment "through November").

Simply put, the written At-Will Agreement—which provided that Plaintiffs were at-will employees—governs the employment relationship, and Plaintiffs cannot state a claim for breach of oral contract to the contrary as a matter of law.  And because the written At-Will Agreement makes amendment of the breach-of-oral-contract claim futile, dismissal should be with prejudice. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (determining that amendment would be futile where "[t]he amended complaint would fail to state a claim upon which relief could be granted").

**B.    The Court should dismiss Plaintiffs' fraud claim because it is barred by the economic-loss rule and because Plaintiffs fail to plausibly plead justifiable reliance.[3]**

### 1.    The economic-loss rule precludes Plaintiffs' fraud claim.

Plaintiffs' fraud claim fails as a matter of Texas law because of the economic-loss rule, "which generally precludes recovery in tort for economic losses resulting from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy.'" *Anyafulu v. EquiCredit Corp. of Am.*, 664 F. App'x 410, 413 (5th Cir. 2016) (quoting *Shakeri v. ADT Sec. Servs., Inc.*, 816 F3d 283, 292 (5th Cir. 2016)); *see also Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014).  Thus, "if the defendant's conduct . . . would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract."  *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d

---

[3] In addition to failing on substantive grounds, Plaintiffs have not satisfied Rule 9(b)'s heightened pleading standards.  It is well established that "[p]leading fraud with particularity in this circuit requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'"  *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (second alteration in original) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)); *see also Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 582 (N.D. Tex. 2013) (determining that "vague allegations as to the who, what, when, where, and why . . . are not sufficient to plead a claim of fraud or fraudulent inducement with the particularity that Rule 9(b) requires").  Despite that clear dictate, Plaintiffs make no attempt to meet these requirements.  At a minimum, the Court should require Plaintiffs to replead their fraud claim to comply with Rule 9(b).

493, 494 (Tex. 1991); *see also, e.g., Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986) ("The nature of the injury most often determines which duty or duties are breached.").

In *Anyafulu*, for example, the plaintiff claimed that the defendants promised her that they would not foreclose on her home while she sought a loan modification. *See* 664 F. App'x at 413. She later sued for fraud and fraudulent misrepresentation when the defendants accelerated the terms of her loan and began foreclosure proceedings following her failure to timely pay her mortgage. *See id.* The Fifth Circuit held that "liability would only arise if [defendants'] conduct constituted breach of the parties' loan agreement"; therefore, "the district court properly concluded that her fraudulent misrepresentation claims are barred by the economic loss rule because the alleged loss complained of is the subject matter of the loan agreement, or contract, between the parties." *Id.*

Similarly, in *Simms v. Jones*, the Northern District of Texas dismissed a plaintiff's fraudulent-concealment claims because they were barred by the economic-loss rule. *See* 879 F. Supp. 2d 595, 599–600 (N.D. Tex. 2012). The plaintiffs alleged that the defendants fraudulently concealed that the plaintiffs' seats for the Super Bowl were in a location with an obstructed view. *Id.* The court concluded that because "the duties alleged [we]re owed only by virtue of the contractual relationship . . . and [p]laintiffs' alleged injuries arise only from that contract," the plaintiffs' claims were barred by the economic-loss rule. *Id.* at 600.

Here, the economic-loss doctrine bars Plaintiffs' fraud claims because the claimed damages arise from the Campaign's alleged failure to perform under an agreement (*i.e.*, "liability would only arise if [the Campaign's] conduct constituted a breach of the parties' . . . agreement"). *Anyafulu*, 664 F. App'x at 413; *see also Delanney*, 809 S.W.2d at 495 (holding that economic-loss rule barred tort claim because the plaintiff "clearly sought to recover the benefit of his bargain with [the defendant]"); *Jim Miller Homes, Inc.*, 711 S.W.2d at 618 (economic-loss rule barred tort

recovery for a breach of the contract).  Specifically, Plaintiffs allege that the Campaign made false statements regarding their employment—which they acknowledge is the subject of an agreement. Pet. ¶¶ 24, 39 (emphasis added).  Plaintiffs seek lost wages and health-insurance benefits as a result of the Campaign's alleged failure to employ or pay them through November 2020.  *See, e.g.*, *id.* ¶ 24 (recognizing that Plaintiffs signed offer letters (the At-Will Agreements) related to their employment with the Campaign); *id.* ¶¶ 30–31 (referring to the "obvious loss of income and benefits," including "health insurance benefits").  Because Plaintiffs seek recovery of amounts they claim are owed to them under an agreement, the Court should dismiss Plaintiffs' fraud claim with prejudice as barred by the economic-loss rule.

2.    **Plaintiffs cannot plausibly plead that they justifiably relied on the alleged representations about the nature of their employment in light of the written At-Will Agreement.**

In addition to running afoul of the economic-loss doctrine, Plaintiffs' fraud claim also fails as a matter of Texas law because an essential element of that claim—justifiable reliance—is missing.  To state a fraud claim, Plaintiffs must allege facts to support the following elements: "(1) the defendant made a false, material representation; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff *justifiably relied on the representation*, which caused the plaintiff injury."  *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 496 (Tex. 2019) (emphasis added and internal quotation marks and citation omitted).  Because Plaintiffs do not plausibly allege facts to establish justifiable reliance, the Court should dismiss their fraud claim as a matter of law.

Courts routinely hold that reliance on an oral statement that contradicts a written agreement is not justifiable as a matter of law.  *See, e.g.*, *DT Apt. Grp., LP v. CWCapital, LLC*, No. 3:12–CV–0437–D, 2012 WL 6693192, at *9 (N.D. Tex. Dec. 26, 2012) (dismissing fraudulent-

inducement claim, which also has a justifiable-reliance element, because "plaintiffs have not plausibly pleaded justifiable reliance" because "'reliance upon an oral representation that is directly contradicted by the express, unambiguous terms of a written agreement between the parties is not justified as a matter of law'" (quoting *DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.*, 112 S.W.3d 854, 858 (Tex. App.—Houston [14th Dist.] 2003, pet. denied)); *see also Nat'l Prop. Holdings, L.P. v. Westergren*, 453 S.W.3d 419, 424 (Tex. 2015) ("A party to a written contract *cannot justifiably rely on oral misrepresentations regarding the contract's unambiguous terms.*" (emphasis added)); *Barrow-Shaver Res Co.*, 590 S.W.3d at 499; *Mercedes-Benz, LLC v. Carduco*, 583 S.W.3d 553, 558 (Tex. 2019); *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 658–59 (Tex. 2018).

For example, in *Barrow-Shaver Resources Co. v. Carrizo Oil & Gas, Inc.*, the Texas Supreme Court addressed an oil-and-gas drilling company's claim that Carrizo Oil & Gas, Inc., another oil-and-gas company, committed fraud by orally representing that it would not withhold its consent to allow the drilling company to assign its interest in a contract and later refusing to consent to the assignment. 590 S.W.3d at 497. Carrizo Oil & Gas, Inc. had insisted on deleting language in the contract that provided that it "shall not be unreasonably with[o]ld" its consent, but the drilling company nonetheless claimed that Carrizo Oil & Gas, Inc. orally represented three separate times that it would consent to an assignment. *Id.* The Texas Supreme Court held that the drilling company could not reasonably rely on the oral representations in light of the language in the contract and therefore held that the driller's fraud claim failed as a matter of law. *See id.* at 499–500, 502.

That reasoning applies here. The plain language of the parties' At-Will Agreement provides that Plaintiffs' employment is "at-will." *See* At-Will Agreements at 1, attached as Exs. A–H. Plaintiffs' allegation that they "reasonably relied" on the Campaign's alleged promise that

they would be employed "through November 2020" is contradicted by the plain language of the At-Will Agreement, *see id.*, which Plaintiffs acknowledge in their Original Petition. *See* Pet. ¶ 24. Accordingly, Plaintiffs fail to plausibly plead justifiable reliance, and the Court should dismiss their fraudulent-inducement claim as a matter of law. *See, e.g.*, *DT Apt. Grp., LP*, 2012 WL 6693192, at *9; *Mercedes-Benz, LLC*, 583 S.W.3d at 558; *Barrow-Shaver Res Co.*, 590 S.W.3d at 499; *JPMorgan Chase Bank, N.A.*, 546 S.W.3d at 658–59; *Nat'l Prop. Holdings, L.P.*, 453 S.W.3d at 424.

## C.   Plaintiffs failed to exhaust their administrative remedies and cannot now bring a private right of action under the Texas Payday Act.

Plaintiffs cannot bring claims under the Texas Payday Act because they failed to plead that they exhausted their administrative remedies by filing wage complaints with the Texas Workforce Commission and cannot simply bring a claim under that statute as a private right of action. *See, e.g.*, *Brown v. Joseph Cory Holdings, LLC*, No. 4:13-cv-044, 2014 WL 12585674, at *2 (N.D. Tex. July 30, 2014) (holding that there is no private right of action under the Texas Payday Act absent compliance with the administrative-exhaustion requirement and, "[s]hould a claimant choose to file a claim under the [Texas Payday Act], . . . then the claimant is properly required to abide by the statute's provisions," which includes "requiring employees to exhaust administrative remedies" before seeking relief in court); *11th St. Bingo Ass'n v. Simonson*, No. 13-02-399-CV, 2004 WL 1117161, at *2 (Tex. App.—Corpus Christi, no pet.) ("After commencing a claim under the [Texas Payday] Act, a claimant must exhaust all administrative remedies before seeking relief in the trial court." (citing TEX. LAB. CODE § 61.062(a)). The failure to exhaust their administrative remedies precludes Plaintiffs from pursuing a Texas-Payday-Act claim in district court. Accordingly, the Court should dismiss that claim with prejudice.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs have failed to state a claim upon which relief can be granted, and dismissal is proper under Rule 12(b)(6).  Moreover, because amendment would be futile, the Court should dismiss the claims with prejudice.

Dated:  May 22, 2020.

Respectfully submitted,

*/s/ J. Meghan McCaig*
Greg W. Curry
State Bar No. 05270300
Greg.Curry@tklaw.com

J. Meghan McCaig
State Bar No. 24070083
Meghan.McCaig@tklaw.com

Dina McKenney
State Bar No. 24092809
Dina.McKenney@tklaw.com

Thompson & Knight LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas  75201
(214) 969-1700
(214) 969-1751 (facsimile)

ATTORNEYS FOR DEFENDANT